# Borowsky v. Charles Steiner Building and Loan Association.

J. *Maurice Gray*, for plaintiff; T. *Henry Walnut*, for defendant.

ALESSANDRONI, J., April 18, 1930.—The plaintiff filed a statement of claim, averring that he had, on or about May 27, 1929, sent notice by letter of his intention to withdraw ten shares of capital stock of the David Fine Building and Loan Association, which association has merged with the Charles Steiner Building and Loan Association. The statement further averred that he received an acknowledgment from the secretary of the association of the receipt of the letter, but that the defendant has never made payment. He, therefore, claims the sum of $620 paid in, plus $11.30 accrued profits and interest thereon.

Defendant filed an affidavit of defense, and subsequently a supplemental affidavit of defense, admitting that the plaintiff had paid in $620 on his stock, but denying that the withdrawal value was $631.30 on May 27, 1929, and that proper notice of withdrawal was given as required by the by-laws. The affidavit of defense further averred that the assets of the association have not changed since the date when notice of withdrawal was given and that the assets as of that date were not sufficient to pay in full to stockholders the paid-in value of their stock. It was also averred that losses on the assets existing at the date of withdrawal have occurred and that numerous other losses will occur which will materially reduce the value of the stock below its paid-in value and that the value of the shares of stock is indeterminate. Plaintiff has entered a rule for judgment for want of a sufficient affidavit of defense.

The defendant' contention that no proper notice of withdrawal was given, as is required by the by-laws, may be summarily dismissed. Notice was given by letter of the plaintiff's desire to withdraw and receipt of it acknowledged on the following day. The acknowledgment stated that no other papers were required for withdrawal and that the plaintiff would be required to wait several months before payment could be made. The acknowledgment was signed by the secretary of the association, and certainly if any technical defense could have been so raised, the defendant's letter waived it.

The sole question requiring consideration in this case is whether a defense that a building and loan association was insolvent at the time of notice of withdrawal, and that it was impossible to ascertain the value of the shares of stock, is a sufficient legal defense to a suit by a withdrawing shareholder. The facts as recited by the defendant in its supplemental affidavit of defense, which for the purposes of this discussion must be admitted as true, establish that the building and loan association was actually insolvent at the time that notice of withdrawal was given. Building and loan associations are insolvent when they cannot repay to stockholders the amount of their actual contributions: Kurtz v. Bubeck, 39 Pa. Superior Ct. 370; Eaton v. Eastern B. & L. Ass'n, 7 Dist. R. 440. The solvency of a building and loan association must be determined from a sound business point of view and not from a bookkeeping standpoint: Com. v. Pennsylvania B. & L. Ass'n, 20 Pa. C. C. Reps. 589.

It is common knowledge that many building and loan associations are now suffering, and will continue to suffer, large losses as the result of the depression in real estate values, and this affidavit of defense states facts illustrative of this condition. Regardless of the value of the shares of stock as shown by the financial statements of the defendant association, the association is alleged to be actually insolvent, and this allegation, in the light of common sense as exemplified in the above decisions, is controlling regarding the question of insolvency.

The status of withdrawing shareholders undergoes a change when a building and loan association has become insolvent. As stated in Christian's Appeal, 102 Pa. 184: "But the right of withdrawal and the extent to which it may be exercised presupposes that at least a relative proportion of the assets will remain for the benefit of those who continue to be active members of the association. When a building association has failed to fulfill the object of its creation and has become hopelessly insolvent, it cannot be justly or equitably wound up on any other principle than that above suggested." In that case, upon the dissolution of an insolvent building and loan association, the withdrawing shareholders were given exactly the same rights as those shareholders who had not given notice of withdrawal. The mere fact that an association is in process of liquidation does not and should not change the relative rights of the shareholders. A shareholder by giving notice of withdrawal cannot step out of an insolvent association without loss, leaving the remaining shareholders to bear the entire burden. The dictates of justice require that all the members of the joint enterprise be treated alike. In Eaton v. Eastern B. & L. Ass'n, supra, the court stated: "The society has the right to retain from withdrawing stockholders their proportion of probable losses from depreciation of real estate purchased by the association. The society may have the property appraised by a committee and fix the loss and assess the same on each share of stock pro rata: Endlich on Building Associations, §§ 63, 64. It has the right to retain from such withdrawing stockholders a portion of the probable loss sustained by reason of the purchase of real estate, sold on its mortgage, which has depreciated in value even before the loss has been fully determined by an appraisement: Knoblauck v. Building and Loan Ass'n, 8 Pitts. L. J. (N. S.) 39; Paffert v. Building Association, Ibid., 40."

The defendant's affidavit of defense has, therefore, set forth a condition indicating that the defendant was insolvent at the time the plaintiff gave notice of withdrawal, and that probable and imminent losses on the assets existing at that date will reduce the value of the stock even further. In the light of the authorities set forth above, and the dictates of common justice,

the plaintiff is not entitled to judgment. The mere fact that there is an averment that the value of the stock as of that date is indeterminate and unascertainable does not weaken the defendant's position. The defendant being insolvent, the plaintiff is only entitled to his proportionate share of the assets, which must be determined in a further proceeding. In fact, a withdrawing shareholder who has received more than his share must pay back the surplus received if the building and loan association should prove to be insolvent: Com. v. Pennsylvania B. & L. Ass'n, supra. We are of the opinion that the case should proceed to trial to determine whether the facts as set forth in the affidavit of defense are true and, if so, the value of the plaintiff's stock as of the date when notice of withdrawal was given.

And now, to wit, April 18, 1930, the rule for judgment for want of a sufficient affidavit of defense is discharged.